# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CA-00024-SCT

*KAY L. NEWELL (RODERICK)*

*v.*

*SOUTHERN JITNEY JUNGLE COMPANY d/b/a SACK AND SAVE*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/17/1998 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SAMUEL E. FARRIS |
| | JONATHAN MICHAEL FARRIS |
| ATTORNEY FOR APPELLEE: | J. ROBERT RAMSAY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED-10/31/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The issue in the present case is whether Kay L. Newell has stated sufficient grounds to sustain a negligence claim against Southern Jitney Jungle Stores of America d/b/a Sack and Save. We hold that the Workers' Compensation Law, Miss. Code Ann. §§ 71-3-1 to -129 (2000 & Supp. 2002), provides no remedy for Newell's injuries, and thus, it is not her exclusive remedy. We also decline to impose upon a business strict liability for all injuries occurring on its premises as a result of criminal acts committed by a third party when the business's actions did not impel the act of that third party.

## FACTS

¶2. On October 14, 1997, Kay L. Newell ("Newell") was at her place of employment, a grocery store, Sack and Save, which is owned and operated by Southern Jitney Jungle Stores of America . Newell's estranged husband, William Roderick ("Roderick"), entered Sack and Save and shot Newell four times with a .44 caliber handgun.

¶3. Several times before the shooting incident, Roderick appeared at the Sack and Save stalking, harassing, and threatening Newell in front of managers and other employees. The day before the shooting Roderick caused a disturbance at Sack and Save. Newell's supervisor helped her file charges against Roderick.

¶4. After the shooting, Newell filed this action claiming Sack and Save was negligent in failing to furnish her with a safe place to work and in failing to provide security for her. No other counts were alleged. Newell argues in the alternative that she should have at least been allowed workers' compensation benefits. Sack and Save denied liability under the Workers' Compensation Act. On October 30, 1998, Sack and Save filed a M.R.C.P. 12(b)(6) motion to dismiss. On December 17, 1998, the motion to dismiss was granted. Aggrieved Newell filed this appeal.

## STANDARD OF REVIEW

¶5. A motion to dismiss under M.R.C. P. 12(b)(6) raises an issue of law. ***T.M. v. Noblitt***, 650 So. 2d 1340, 1342 (Miss. 1995)(collecting authorities). This Court conducts de novo review on questions of law. ***Id.*** When considering such a motion, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt on the face of the complaint that the plaintiff will be unable to prove any set of facts in support of his claim. ***Lang v. Bay St. Louis/Waveland Sch. Dist.***, 764 So. 2d 1234, 1236 (Miss. 1999).

## DISCUSSION

¶6. Newell's complaint claims Sack and Save owed her a duty to provide a safe place to work and a duty to provide her security. Although not an insurer of an invitee's safety, a premises owner owes a duty to exercise reasonable care to protect the invitee from reasonably foreseeable injuries at the hands of another. *See generally* ***Lyle v. Mladinich***, 584 So. 2d 397, 399 (Miss. 1991). *See also* ***McGovern v. Scarborough***, 566 So. 2d 1225 (Miss. 1990). Newell's claim, as an invitee as this Court characterizes her, is brought under the theory of premises liability where Sack and Save's duty is properly stated as one of reasonable care.

¶7. We have stated two ways a plaintiff can prove proximate causation in premises liability cases: 1) that the defendant had actual or constructive knowledge of the assailant's violent nature, or 2) actual or constructive knowledge an atmosphere of violence existed on the premises. ***Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc.***, 519 So. 2d 413, 416 (Miss. 1988). Newell's complaint alleges facts which indicate that it is under this first option she is attempting to proceed. However, the complaint also states that Newell's employer assisted her during this unfortunate ordeal to the point of helping her file charges against her husband the day before the shooting occurred. At the time of the attack, Newell was in a separately enclosed office behind a door that her husband had to "force" his way through. This indicates the door was either locked, or there was warning in advance of her husband's presence provided by co-workers such that countermeasures were taken.

¶8. In the case sub judice, the Sack and Save did nothing wrong; to the contrary, it attempted to help and had placed Newell in a secure location under lock and key. Kay Newell did nothing wrong, either. However, Sack and Save is not and should not become the guarantor of its employees' safety at all times.

¶9. The better method of examining this issue is under the traditional concepts of intervening and superceding causes. For such intervening and superceding cause to extinguish the liability of the original actor, the cause must be unforeseeable. ***Wal-Mart Stores, Inc. v. Johnson***, 807 So. 2d 382, 390 (Miss. 2001). Furthermore, "negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof." ***Miss. City Lines v. Bullock***, 194 Miss. 630, 13 So. 2d 34, 36 (1943).

¶10. We hold that Sack and Save's actions did not impel the assault by Newell's husband. Clearly the intentional acts of Newell's estranged husband in entering the Sack and Save armed with a gun, forcing entry into Newell's office, and shooting her are acts by a third party which are sufficient to terminate any liability Sack and Save might otherwise have. If not, this Court would impose a duty approaching strict liability on landowners of the type we specifically denounced in *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So. 2d 1186, 1191 (Miss. 1994): "We refuse to place upon a business a burden approaching strict liability for all injuries occurring on its premises as a result of criminal acts by third parties."

¶11. There is no allegation of any intentional act or acts by Sack and Save. The complaint alleges that Sack and Save, knowing of Newell's estranged husband's potential dangerousness, failed to take sufficient precautions to protect her. There are no allegations that Sack and Save willfully caused Newell's injury. The question arises as to whether this is a claim not covered by the exclusivity of the Workers' Compensation Law because it is non-compensable.

¶12. This Court thus writes further today to clarify a misinterpretation of the exclusivity test by prior opinions of this Court. Here, the injury is not covered by the act because the incident had nothing whatsoever to do with Newell's employment. That is indeed why Sack and Save denied liability under the act. An injury intentionally caused by a third-party acquaintance of the employee for reasons not arising out of the employee's job or because of the job is not compensable under the act. *Big "2" Engine Rebuilders v. Freeman*, 379 So. 2d 888, 891 (Miss. 1980). This Court, subsequent to *Miller v. McRae's, Inc.*, 444 So. 2d 368 (Miss. 1984), stated the two prongs of the exclusivity test as joined by the word "and." *See, e.g., Peaster v. David New Drilling Co.*, 642 So. 2d 344 (Miss. 1994); *Griffin v. Futorian Corp.*, 533 So. 2d 461, 463 (Miss. 1988).

¶13. The two prongs as stated in cases after *Miller* are as follows: (1) the injury must have been caused by the willful act of another employee acting in the course of employment and in the furtherance of the employee's business; [and/or] (2) the injury must be one that is not compensable under the act. *Miller*, in fact, does not state a two-part test, whether it be joined by the word "and" or "or."

¶14. Rather, the *only* test articulated in *Miller* is *whether the injury is compensable under the act*. The Court's entire discussion in that case, from which we later articulated a two-part test, was an effort to answer that sole question - compensability of the injury. A close reading of *Miller* reveals that the first prong of the test is not a separate requirement as we later interpreted it to be. Rather, the first prong is merely part of the inquiry into whether the injury is, in fact, compensable.

¶15. Miss. Code Ann. § 71-3-3(b)(2000) defines "injury" as "accidental injury or accidental death arising out of and in the course of employment ... , and *also includes an injury caused by the willful act of a third person directed against an employee because of his employment.....*" (emphasis added). In *Miller* this Court examined this definition, and then went on to define the term "third person" as including a fellow employee acting outside the scope and course of his employment. Hence the exception to the exclusivity provision - an injury caused by a *willful* act of *another employee* acting *in the course of employment*. On close examination, however, that "exception" is not an exception at all. It is a determination that the injury does not fall under the act's definition of "injury" and is therefore not compensable.

¶16. The correct restatement of the inquiry set forth in *Miller* asks whether the injury is compensable under

the act. Newell's injury was not accidental, nor was it inflicted by a third person because of her employment. It is therefore not compensable. Because the Workers' Compensation Law provides no remedy for Newell's injury, it is not her exclusive remedy. *See Miller*, 444 So. 2d at 372 ("Obviously if the injury is not compensable under the Act, the Act does not provide the exclusive remedy.").

## CONCLUSION

¶17. The liability of landowners must end somewhere. We find the complaint, without reference to the findings the trial court issued, insufficient in its averments of duty, breach of duty, and foreseeability to withstand a M.R.C.P. 12(b)(6) motion to dismiss for failure to state a claim. The trial judge was correct in his determination that Newell's claim, if not barred by our Workers' Compensation Law, was deficient in claiming negligence grounds for relief. The judgment of the circuit court is affirmed.

¶18. **AFFIRMED.**

**PITTMAN, C.J., WALLER, COBB, EASLEY AND CARLSON, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ AND GRAVES, JJ.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶19. It is disingenuous for the majority to decide that Newell's complaint cannot survive a M.R.C.P. 12(b)(6) motion on the one hand, and on the other determine the law appropriate for a negligence action it says does not exist.

¶20. The majority affirms a Rule 12(b)(6) dismissal in this matter, but nevertheless proceeds to try the case here on appeal. Indeed, it looks at the record in this case, discusses the negligence claims that it finds there that, by virtue of its holding, are insufficient to state a claim, decides the appropriate law to apply, and ultimately decides the matter pursuant thereto. Without hesitation, therefore, I respectfully dissent.

### I.

¶21. When considering a Rule 12(b)(6) motion to dismiss, the allegations of the complaint must be taken as true and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim. *Liggans v. Coahoma County Sheriff's Dep't*, 823 So.2d 1152, 1154 (Miss. 2002) (citing *Overstreet v. Merlos*, 570 So.2d 1196, 1197 (Miss.1990); *DeFoe v. Great S. Nat'l Bank, N.A.*, 547 So.2d 786, 787 (Miss.1989)). Further, this Court has stated that "in order to survive a Rule 12(b)(6) motion, the complaint need only state a set of facts that will allow the plaintiff 'some relief in court.' " *Board of Trustees v. Ray*, 809 So.2d 627, 631 (Miss. 2002) (citing *State v. Dampeer*, 744 So.2d 754, 756 (Miss.1999) (quoting *Weeks v. Thomas*, 662 So.2d 581, 583 (Miss.1995)). Finally, "[t]he purpose of the rule is to give notice, not to state facts and narrow the issues as was the purpose in prior Mississippi practice." *See Arnona v. Smith*, 749 So.2d 63, 68 (Miss.1999) (McRae, J., dissenting) (citing *Independent Life & Acc. Ins. Co. v. Peavy*, 528 So.2d 1112, 1116 (Miss.1988); Miss. R. Civ. P. 8 cmt.).

¶22. Therefore, as this Court recently stated, "the sole question before us is whether [Newell] can prove no set of facts which would entitle [her] to the relief requested." *State v. Quitman County*, 807 So.2d 401, 406 (Miss. 2001). Paragraphs VII, VIII, & IX of the complaint answer this question:

**Paragraph VII**.

That the Defendant knew that William Roderick had been harassing the Plaintiff for several months before Roderick shot the Plaintiff. That Roderick had been coming into Sack and Save grocery store making threats and it was generally known to the employees and the management that he was doing these things. That the day before Roderick shot the Plaintiff he was in the Sack and Save grocery store harassing the Plaintiff to such an extent that the management finally assisted the Plaintiff in filing charges against Roderick.

**Paragraph VIII**.

That the Defendant owed to the Plaintiff a duty to furnish her with a safe place to work and to provide security for her, all of which the Defendant failed to do.

**Paragraph IX.**

That the Defendant knew or in the exercise of reasonable care should have known that Roderick was a threat to the Plaintiff and should have taken action to protect the Plaintiff, all of which the Defendant failed to do.

¶23. These paragraphs clearly make allegations sufficient to overcome a Rule 12(b)(6) motion. And as mentioned, the purpose of a complaint is to give notice to the defendant. For example, in *Universal Computer Services, Inc. v. Lyall*, 464 So.2d 69 (Miss. 1985) we found that:

> In reviewing the pleading, Lyall's complaint prayed that the court attach "the effects of or indebtedness to said non-resident . . . in the hands of the plaintiff, one 1981 Chevrolet Chevette automobile . . . " Having determined the applicability of Miss. Rules of Civil Procedure, we note Rule 8 sets forth the general rules of pleading to "set forth a claim for relief . . . [which] shall contain (1) a short and plain statement . . . showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." The comment thereunder states "**the purpose of Rule 8 is to give notice, not to state facts and narrow the issues as was the purpose of pleading in prior Mississippi practice.**" . . . Clearly, **the allegation of ownership here is sufficient to put the defendant on notice.**

*Id.* at 74 (emphasis added). Paragraphs VII, VIII, & IX of the complaint in the present case give Jitney more than ample notice. They also sufficiently state the appropriate standard of care applicable to an invitee. "An invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Hoffman v. Planters Gin Co.,* 358 So.2d 1008, 1011 (Miss.1978). The standard of care owed invitees is the duty to furnish a reasonably safe environment and to exercise reasonable care to protect them from reasonably foreseeable injury at the hands of another. The pleadings sufficiently allege that this duty was breached.

¶24. Thus, the circuit court erred in granting Jitney's Rule 12(b)(6) motion to dismiss.

**II.**

¶25. While the majority finds that Newell's pleadings cannot overcome a Rule 12(b)(6) motion, it nonetheless finds, from the same pleadings, that a premises liability cause of action is pleaded therein. In so

finding, it even concludes that "the better method of examining this issue is under the traditional concepts of intervening and superceding causes." First, it finds that Roderick's behavior on the day of the shooting was unforeseeable. Next, it trumpets an application of law that aids Jitney in escaping any responsibility, if any, in this matter. The trial judge also found that "one must conclude as a matter of law that Mr. Roderick's act of shooting Ms. Newell constituted a new and independent cause when intervened between any negligence by Jitney and the injury to Ms. Newell."

¶26. This reasoning blatantly weighs and dismisses the facts, which demonstrate that Newell's injuries may have indeed been foreseeable. We deal with not one, not two, not three, but several threatening appearances at the Sack and Save, which ultimately culminated in Jitney aiding in the filing charges the day before the shooting, not to mention the shooting the next day. Whether the shooting was foreseeable, therefore, and as a result, involves Jitney as the proximate cause of Newell's injury, is an issue of fact.

¶27. The majority does not stop here, however. It reasons that without applying the "better method," "the Court imposes a duty approaching strict liability." Never mind that we are dealing with a very particular set of circumstances. And never mind the reality that it is hard to argue that Jitney was not on notice here. As mentioned, the undisputable well-pled facts are that, not once, but on a multitude of separate occasions, Roderick appeared at the Sack and Save threatening, harassing, and stalking Newell. Jitney even helped Newell to file charges the day before she was shot. Nevertheless, the majority finds that Roderick's behavior on the day of the shooting was a superceding, intervening, unforeseeable event.

¶28. One may wonder how the majority would view this case had Newell been a customer, a business invitee, or, had a customer been injured alongside Newell in the shooting. It is doubtful that we would addressing the merit of a Rule 12(b)(6) dismissal under such circumstances.

¶29. It is also interesting that the majority concludes that "Sack and Save is not and should not become the guarantor of its employees' safety at all times," when this case is not about duties owed to employees. This is a case about a standard of care owed an invitee. Additionally, the majority grossly overstates that imposing liability in this case would impose liability "on businesses for all injuries occurring on its premises at all times." Newell is not asking for such an imposition. Rather, she seeks a finding pertinent only to the facts of this particular case. She is alleging that in this particular case, on these particular facts, something more needed to be done. The majority's slippery-slope argument is therefore not persuasive.

¶30. In conclusion, this case clearly survives a Rule 12(b)(6) motion, and should have been allowed to proceed through discovery. It simply cannot be said, at this stage, that Newell would be unable to prove any set of facts to support her claim. I, therefore, dissent.

¶31. This matter should be reversed and remanded with instructions to reinstate the complaint and allow Newell to proceed with discovery.

**DIAZ AND GRAVES, JJ., JOIN THIS OPINION.**