848 So.2d 183 (2003)
J.K. HURDLE, Jr. and Sam Hurdle, Hurdle and Son, General Partnership, All Jointly and Severally,
v.
Michael HOLLOWAY.
No. 2001-IA-01681-SCT.
Supreme Court of Mississippi.
June 19, 2003.
*184 Lawrence Lee Little, Dion Jeffery Shanley, attorneys for appellants.
Barrett Jerome Clisby, Oxford, James Kizer Jones, attorneys for appellee.
EN BANC.
WALLER, Justice, for the Court.
¶ 1. After they had both consumed several beers, Sam Hurdle, of Hurdle and Son General Partnership, offered Michael Holloway, a Hurdle and Son employee, a ride home after work. On the way, one of the tires on the truck[1] in which they were riding suffered a blowout, causing Sam to lose control of the vehicle. The truck flipped several times, and Holloway was seriously injured.
¶ 2. After filing a tort action in circuit court against J.K. Hurdle, Jr., Sam Hurdle, and Hurdle and Son, Holloway filed a claim with the Workers' Compensation Commission, which granted the claim. The Hurdles and their WC carrier appealed to the circuit court, claiming that Holloway was not within the course and scope of his employment when he was injured. After the circuit court affirmed the WCC's *185 ruling, the Hurdles appealed to this Court, and we transferred the appeal to the Court of Appeals,[2] which affirmed the grant of benefits. The Court of Appeals specifically ruled that Holloway was in the course and scope of his employment when he was injured and that his injuries were compensable under the Act.
¶ 3. Holloway's tort action against the Hurdles was brought out of abeyance, and the Hurdles filed a motion for summary judgment, contending that Holloway's complaint was barred by the exclusivity provision of the Act. After the circuit judge denied the motion for summary judgment, we granted the Hurdles permission to bring this interlocutory appeal. See M.R.A.P. 5. We reverse and render the circuit court's denial of the motion for summary judgment because the Act's exclusivity provisions bar Holloway's complaint.

DISCUSSION
¶ 4. We employ a de novo standard of review of a trial court's grant or denial of a summary judgment and examine all the evidentiary matters before it admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law, summary judgment should forthwith be entered for the movant. Otherwise, the motion should be denied. Heigle v. Heigle, 771 So.2d 341, 345 (Miss.2000).
WHETHER THE EXCLUSIVITY PROVISION OF THE ACT BARS HOLLOWAY'S COMPLAINT IN TORT AGAINST THE HURDLES.
¶ 5. It is well established that the Act is the exclusive remedy for an employee injured while acting in the scope and course of his employment. Miss.Code Ann. § 71-3-9 (Rev.2000); Medders v. United States Fid. & Guar. Co., 623 So.2d 979, 984 (Miss.1993). The exclusivity provision of the Act is not applicable to an employee's claim if: (1) the injury is caused by the willful act of the employer or another employee acting in the course and scope of employment and in the furtherance of the employer's business; and (2) the injury must be one that is not compensable under the Act. Newell v. Southern Jitney Jungle Co., 830 So.2d 621, 624 (Miss.2002).
¶ 6. Because the Court of Appeals has decided as a matter of law[3] that Holloway was acting in the course and scope of his employment when he was injured, that his injuries were not the result of an intentional tort,[4] and that his injuries were compensable under the Act, the exclusivity provision of the Act bars his tort claims against the Hurdles, and the circuit court erred when it denied the Hurdles' motion for summary judgment.

CONCLUSION
¶ 7. We reverse the circuit court's order denying the Hurdles' motion for summary *186 judgment, and we render summary judgment here for the Hurdles finally dismissing Michael Holloway's complaint and this action with prejudice.
¶ 8.REVERSED AND RENDERED.
PITTMAN, C.J., SMITH, P.J., COBB, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.
McRAE, Presiding Justice, dissenting:
¶ 9. The majority erroneously finds that the Workers' Compensation Act is the exclusive remedy for Michael Holloway for injuries he sustained in an auto accident because he "was acting in the course and scope of his employment when he was injured, his injuries were not the result of an intentional tort, and his injuries were compensable under the Act...." (Maj. Op. ¶ 6 & n.4 (citing Miller v. McRae's, Inc., 444 So.2d 368, 371 (Miss.1984))). Since I believe summary judgment is inappropriate and Holloway is entitled to proceed with his personal injury action, I dissent.
¶ 10. In making its findings, the majority incorrectly relies on the holding in Hurdle & Son v. Holloway, 749 So.2d 342 (Miss.Ct.App.1999), a Court of Appeals decision which only addressed whether Holloway was entitled to workers' compensation benefits. In that opinion, the Court of Appeals never addressed the validity of a personal injury suit. Additionally, a thorough reading of the opinion provides evidence which would support the trial court's denial of the motion for summary judgment. Furthermore, in order to be entitled to workers' compensation benefits a party must only satisfy a "substantial evidence" standard, which in no way precludes the assertion that such injuries are not exclusively in the realm of the statute, but may also support a personal injury action.
¶ 11. The majority finds that Holloway was acting in the course and scope of his employment when he was injured. This is wrong for two reasons. First, Holloway's injuries did not occur within the course and scope of his employment. "[A]n injury occurs `in the course of employment when it takes place within the period of employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto, or, as sometimes stated, where he is engaged in the furtherance of the employer's business.'" Bivens v. Marshall R. Young Drilling Co., 251 Miss. 261, 273, 169 So.2d 446, 450 (1964) (quoting 58 Am.Jur. Workmen's Compensation § 212 (1948)). There is disputed testimony and evidence as to whether "Michael Holloway agreed to assist in working on the truck as a personal favor to Sam Hurdle or whether his work was a required duty as a part of his employment." Holloway, 749 So.2d at 345. In fact, "[t]he testimony of J.K. Hurdle makes clear that he did not consider repair of the truck to be something vital to the furtherance of the farming operation." Id. at 347. The accident which precipitated Holloway's injuries occurred a few hundred yards from the Hurdle property. Id. at 345. Both Sam Hurdle and Holloway were drinking at the time of the accident. Id. "[T]he work on the truck and the ensuing accident both took place outside of Michael Holloway's normal work hours." Id. at 347. Under all of these facts, a jury could find that Holloway was not in the course and scope of his employment at the time of the accident. The fact that the Court of Appeals in Hurdle & Son v. Holloway, found that Holloway was entitled to workers' compensation benefits is of no consequence and does not decide the issues *187 pertaining to the civil personal injury action.
¶ 12. Second, the going and coming rule is applicable to this very situation. "[T]he general rule [is] that the hazards encountered by employees while going to or returning from their regular place of work and off the employer's premises are not incident to employment and accidents arising therefrom are not compensable." Stepney v. Ingalls Shipbuilding Div., Litton Sys., Inc., 416 So.2d 963, 964 (Miss. 1982) (quoting Miller Transporters, Inc. v. Seay's Dependents, 350 So.2d 689 (Miss. 1977)). One exception to this general rule is "where the employer furnishes the means of transportation, or remunerates the employee." Id. (quoting Wallace v. Copiah County Lumber Co., 223 Miss. 90, 99, 77 So.2d 316, 318 (1955)). However, this exception does not apply "when the transportation is nothing more than a one-time or infrequent occurrence." Holloway, 749 So.2d at 348. See also Arnold v. Wright, 80 N.Y.S.2d 808, 808 (N.Y.Sup.Ct. 1948); Arthur Larson & Lex Larson, Larson's Workers' Compensation Law § 15.03 (1999). Holloway normally rode to work with his uncle. 749 So.2d at 349. He rarely, if ever, rode to and from work with Sam Hurdle. Id. Under these facts, a jury could find Holloway was not in the course and scope of his employment at the time of the accident.
¶ 13. The majority finds that Holloway's injuries were not the result of a willful act or intentional tort and that, therefore, the intentional tort exception to the Workers' Compensation Act is not applicable. The majority further finds that the injuries sustained by Holloway are compensable injuries under the Act. As a preliminary matter, it is worth noting that the Court of Appeals when ruling on Holloway's entitlement to workers' compensation benefits did not address the applicability of the intentional tort exception. "[I]t was never the intention of the Workmen's Compensation Act to bar an employee from pursuing a common law remedy for an injury that is the result of a willful and malicious act." Miller, 444 So.2d at 371. "[W]here an injury is caused by the willful act of an employee acting in the course and scope of his employment and in the furtherance of his employer's business, the Workmen's Compensation Act is not the exclusive remedy available to the injured party." Id. This exception for willful and intentional acts which cause injury, is predicated on the fact that injuries which result from such acts are not compensable injuries under the Workers' Compensation Act. Newell v. Southern Jitney Jungle Co., 830 So.2d 621, 624-25 (Miss.2002) (citing Miller, 444 So.2d at 371-72). The majority misstates this Court's ruling in Newell, by asserting that the two-prong inquiry which was taken from Miller is still the applicable law. A thorough reading of Newell, indicates that we have abandoned the two-prong inquiry after reviewing the holding in Miller. In Newell, we specifically stated that:
This Court thus writes further today to clarify a misinterpretation of the exclusivity test by prior opinions of this Court....
The two prongs as stated in cases after Miller are as follows: (1) the injury must have been caused by the willful act of another employee acting in the course of employment and in the furtherance of the employee's business; [and/or] (2) the injury must be one that is not compensable under the act. Miller, in fact, does not state a two-part test, whether it be joined by the word "and" or "or."
Rather, the only test articulated in Miller is whether the injury is compensable under the act. The Court's entire *188 discussion in that case, from which we later articulated a two-part test, was an effort to answer that sole question compensability of the injury. A close reading of Miller reveals that the first prong of the test is not a separate requirement as we later interpreted it to be. Rather, the first prong is merely part of the inquiry into whether the injury is, in fact, compensable.
* * *
The correct restatement of the inquiry set forth in Miller asks whether the injury is compensable under the act.

Id. at 624-25.
¶ 14. Under Newell, the only inquiry required is that of "whether the injury is compensable under the act." Id. at 625. Injury as defined by the Act includes only "accidental injury or accidental death arising out of and in the course of employment..." Accident has been defined as "something happening without design and being unforseen and unexpected to the person to whom it happens." L.B. Priester & Son v. McGee, 234 Miss. 471, 478, 106 So.2d 394, 397 (1958) (quoting 99 C.J.S. Workmen's Compensation § 153, page 526). "[T]he term is interpreted from the viewpoint of the employee." Id. Willful and intentional acts are not compensable under the Act's definition of injury. "[A]n injury arises out of employment when but only when there is a causal connection between the injury and the conditions under which the work is required to be performed." Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 634, 59 So.2d 294, 299 (1952) (quoting 58 Am.Jur. Workmen's Compensation, P. 718, Par. 211). Course of the employment means an injury which "takes place within the period of employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto, or, as sometimes stated, where he is engaged in the furtherance of the employer's business." Bivens, 251 Miss. at 273, 169 So.2d at 450 (quoting 58 Am.Jur. Workmen's Compensation § 212 (1948)). "A compensable injury must arise not only within the time and space limits of the employment, but also in the course of an activity related to the employment." Id. at 273, 169 So.2d at 451 (quoting Larson, Workmen's Compensation Law § 14 (1964)). "An activity is related to the employment if it carries out the employer's purposes or advances his interests directly or indirectly." Id. (quoting Larson, Workmen's Compensation Law § 14 (1964)). Under these definitions, the injuries sustained by Holloway are not "compensable injuries" under the Workers' Compensation Act. Holloway was assisting in the truck repair with Sam Hurdle as a personal favor. Holloway, 749 So.2d at 345. The truck repair was therefore not within the definition of "course of employment." Furthermore, there is no causal connection between Holloway's employment as a farm laborer and the accident which resulted from Sam Hurdle's intoxication. Also lacking are the "time and place" factors. The accident occurred on a public highway and not on the Hurdle's property. Id. The accident took place outside of Holloway's normal work hours. Id. at 347.
¶ 15. Further, any argument that the accident does not rise to the level of willful or intentional fails. Sam Hurdle was violating the law at the time of the accident. He was drinking and driving, for which he received a First Offense DUI. He was driving recklessly and has acknowledged that the he can not say "whether he could have avoided the accident if he had not previously consumed a number of beers." Id. at 352. Such complete and total reckless disregard for human life and the law is "willful." In support of this contention, all one must do is look to the imposition of punitive damages on drunken drivers who cause accident and injury. Miss.Code *189 Ann. § 11-1-65(1)(a), (3)(d)(ii) (2003 Adv. Code Serv. Pam. No.2 March 2003)[5] Such acts are seen by this Court and the public as rising to the level of an intentional tort. See Choctaw Maid Farms, Inc. v. Hailey, 822 So.2d 911 (Miss.2002); Savage v. La-Grange, 815 So.2d 485 (Miss.Ct.App.2002). A jury could find that Holloway's injuries are not compensable injuries within the meaning of the Workers' Compensation Act.
¶ 16. It is of no consequence that the Court of Appeals found Holloway entitled to workers' compensation benefits. As the Act is to be liberally construed in favor of benefits, the Court of Appeals was limited in its review of the Commission's findings. 749 So.2d at 347. In order to receive benefits, the Act only calls for the presentation of "substantial evidence." Id. Under such a limited standard of review and burden of proof, it is no wonder the Court of Appeals affirmed the Commission's decision. However, the Court of Appeals' ruling as to Holloway's entitlement to benefits does not preclude the litigation of the issues presented in his personal injury action. As the test only addresses "whether an injury is compensable," not whether compensation has granted under the Act. So, the decisive question concerns whether the injury was a compensable injury under the Act. Under the facts and circumstances of this case, these factual determinations should be left to a jury.
¶ 17. Another important point, not specifically addressed by the majority, is the argument presented by the Hurdles that they cannot now be personally sued since they as the employer have already been held liable under the Workers' Compensation Act. However, receipt of some workers' compensation benefits "does not preclude compensation for the damages that are not compensable under the Act." Davis v. Pioneer, Inc., 834 So.2d 739, 743 (Miss. Ct.App.2003). See also Blailock v. O'Bannon, 795 So.2d 533 (Miss.2001). As stated in the Act "[t]he acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death....." Miss.Code Ann. § 71-3-71 (Rev. 2000). Holloway is not suing the Hurdles in their ownership capacity of Hurdle & Son, he is suing Sam and J.K. Hurdle in their individual capacity for Sam's willful acts. In order to file suit against Sam Hurdle, who is a minor, Holloway must include J.K. Hurdle in his capacity as guardian of his son. Miss.Code Ann. § 1-3-27 (Rev.1998); Miss. R. Civ. P. 4(d)(2)(a) & 17(c). Furthermore, Holloway also may assert claims against J.K. Hurdle who is statutorily imputed with liability for his son's auto negligence. Miss.Code Ann. §§ 63-1-23 & -25 (Rev.1996). Since the facts are unclear as to whether Sam Hurdle was eighteen years old at the time of the accident or whether he had reached the age of eighteen by the time the case reached the Court of Appeals, we can only assume that Holloway has a statutory liability claim against J.K. Hurdle. Sam and J.K. Hurdle in these capacities are not "employers" but "individuals." Hurdle & Son was Holloway's employer, not Sam and J.K. Hurdle. See Index Drilling Co. v. Williams, 242 Miss. 775, 137 So.2d 525 (1962). There is a distinct difference.
¶ 18. For these reasons, I dissent.
NOTES
[1] The truck was owned by Hurdle and Son.
[2] Hurdle & Son v. Holloway, 749 So.2d 342 (Miss.Ct.App.1999).
[3] The Court of Appeals' ruling was not altered by a motion for rehearing or by a petition for certiorari to this Court.
[4] If the injuries were caused by an intentional tort, the exclusivity provision would not apply. Miller v. McRae's, Inc., 444 So.2d 368, 371 (Miss.1984). However, there is no proof in the record that Sam acted willfully and maliciously, and the Court of Appeals specifically found that the proximate cause of the accident was "equipment failure," i.e., the tire blow out. Hurdle & Son, 749 So.2d at 342.
[5] In 2002, the Legislature amended Section 11-1-65. The portions of this Section which are mentioned in this opinion, were not changed by the Legislature and continue in full effect.