MYERS, P.J.,
for the Court.
FACTS
¶ 1. On February 11, 2002, Gloria Holmes was admitted to Rush Foundation Hospital for a total abdominal hysterectomy and left salpingo-oophorectomy to be *279 performed by Dr. Virginia Carney Nelson. During surgery, a large endometrium cyst ruptured. An examination was performed of the small bowel revealing significant areas of adhesion and endometriosis involving the cecum and part of the colon. Dr. Nelson called in Dr. David A. Makey, a general surgeon, to perform surgery on Holmes. Following the surgery, Holmes’ temperature was elevated. Her temperature spiked on the third day and her abdomen was distended. She could ambulate and had a large bloody stool. The source of the infection could not be determined. Exploratory surgery was performed by Dr. Makey on February 19, 2002. During this exploratory surgery the abdominal cavity was found to be contaminated and a one centimeter perforation was found on the colon.
¶ 2. Subsequently, an abscess was detected and three additional surgeries were performed due to complications. Holmes remained in the ICU at Rush Medical Center until March 27, 2002, when she was released to the Specialty Hospital of Meridian. Holmes remained at Specialty Hospital until May 16, 2002, at which time she was released and taken to her parents’ home where she received treatment from home health nurses. Gwendolyn Smith was one of the nurses assigned to Holmes. On May 17, 2002, Nurse Smith told Holmes that she was “a lucky woman.” When Holmes inquired as to why she was lucky, Nurse Smith replied, “they almost killed you ... they nicked your colon.” Holmes maintains that this was her first indication that there was a problem in her initial surgery.
¶ 3. Holmes filed her first complaint on March 11, 2004, but did not serve process on Dr. Nelson until July 14, 2004. Therefore, Holmes failed to serve process on Dr. Nelson within the 120 days required by Mississippi Rule of Civil Procedure 4, which would have been on or before July 9, 2004. On November 9, 2004, the Circuit Court of Lauderdale County dismissed the complaint without prejudice for failure to serve process within 120 days. However, Holmes filed a second complaint against Dr. Nelson on September 14, 2004 in anticipation of the November dismissal, and timely served Dr. Nelson. Dr. Nelson filed a motion for summary judgment, contending Holmes’ complaint was barred by the two-year statute of limitations. The circuit court granted Dr. Nelson’s motion for summary judgment, finding that Holmes was on notice of the injury on February 19, 2002, the date of the exploratory surgery, Therefore, the trial court concluded that the applicable statute of limitations ran on February 19, 2004. From this ruling, Holmes appeals to this Court raising the following issue:
WHETHER THE TRIAL COURT ERRED BY GRANTING DR. NELSON’S MOTION FOR SUMMARY JUDGMENT BASED ON THE TRIAL COURT’S DETERMINATION THAT THE DISCOVERY RULE WAS INAPPLICABLE TO HOLMES’ INJURY AND THAT THE STATUTE OF LIMITATIONS BARRED HER MEDICAL MALPRACTICE CLAIM AS A MATTER OF LAW.
STANDARD OF REVIEW
¶ 4. Our supreme court has consistently held that review of a grant of summary judgment is de novo. Hurdle v. Holloway, 848 So.2d 183, 186(¶ 4) (Miss.2003); Miller v. Meeks, 762 So.2d 302, 304(¶ 3) (Miss.2000); Crain v. Cleveland Lodge 1532, 641 So.2d 1186, 1188 (Miss.1994). A summary judgment motion is only properly granted when no genuine issue of material fact exists. Id. at 304; M.R.C.P. 56(c). The moving party has the burden of demonstrating that no genuine issue of material fact exists within the *280 “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits.” Id,.; see also Davis v. Hoss, 869 So.2d 397, 401(¶ 10) (Miss.2004) (noting that the court should review all evidence available to it when making its decision); Anglado v. Leaf River Forest Prods., Inc., 716 So.2d 543, 547(¶ 13) (Miss.1998).
DISCUSSION
¶ 5. The issue we are called upon here to decide is the date on which Gloria Holmes became aware that during her surgery she sustained a serious injury that complicated her recovery. Holmes argues that she was not aware of the perforation of her colon until May 17, 2002. Dr. Nelson argues that Holmes became aware of this condition between her initial surgery on February 11, 2002, and the exploratory surgery performed on February 19, 2002, but accepts the trial court ruling finding that Holmes discovered the condition on February 19, 2002, thus triggering the statute of limitations. We do not agree with Dr. Nelson’s argument that Holmes became aware of the injury between February 11 and 19, when the record reflects that her own doctor was unaware of the perforation until the exploratory surgery on February 19, 2002. While we agree with the lower court that the earliest date on which Holmes could be aware of the injury was February 19, 2002, there lies more to the analysis than the finding to determine the expiration of the statute of limitations. An additional issue that should have been addressed.
¶ 6. From a review of the record, briefs filed in this appeal, and arguments presented before this Court, the issue of Holmes’ state of mind between the surgery on February 19, 2002, and May 17, 2002, was not addressed in the lower court’s determination of Holmes’ date of awareness. Mississippi Code Annotated § 15 — 1— 36(5) states:
If at the time at which the cause of action shall or with reasonable diligence might have been first known or discovered, the person to whom such claim has accrued shall be under the disability of unsoundness of mind, then such person or the person claiming through him may, notwithstanding that the period of time herein before limited shall have expired, commence action on such claim at any time within two (2) years next after the time at which the person to whom the right shall have first accrued shall have ceased to be under the disability, or shall have died, whichever shall have first occurred.
From the record it is apparent that Holmes remained on a ventilator and was unconscious following the February 19, 2002 surgery at Rush Medical Center and remained in the ICU until she was moved March 27, 2002 to Specialty Hospital. However, the record is unclear as to the date Holmes was removed from the ventilator or when Holmes regained consciousness.
¶ 7. Before this Court can determine the date on which Holmes was made aware of her injury, and thus determine the applicable date of the expiration of the statute of limitations, a determination must be made concerning her soundness of mind. If Holmes were unconscious on February 19, 2002, when she returned from surgery then she cannot be charged with the knowledge of the perforation.
¶ 8. We, therefore, remand this case to the Circuit Court of Lauderdale County for a hearing to determine when Holmes regained consciousness following the February 19, 2002 surgery and when her soundness of mind was reinstated so that she could adequately understand the inju *281 ry she had suffered and the consequences of that injury. Once this date is determined, then the trial court may find the date which the statute of limitations began running.
¶ 9. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR A HEARING CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, BARNES AND ISHEE, JJ. CONCUR. GRIFFIS AND ROBERTS, JJ., NOT PARTICIPATING.