RUSSELL, J„
for the Court:
¶ 1. Stephanie Roberson filed a negligence action against her employer for injuries she allegedly sustained at work. The circuit court dismissed her negligence action for failure to prosecute and because the exclusivity provision of the Mississippi Workers’ Compensation Act (Act) barred her suit. Roberson argues that the dismissal was improper, citing five errors by the circuit court, but she fails to articulate a legal basis to support her assertions. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶2. On September 10, 1999, Roberson was injured on her first day of work with LFI Fort Pierce Inc. (LFI), a franchise of Labor Finders International. Roberson filed for workers’ compensation benefits with the Mississippi Workers’ Compensation Commission (Commission), and she filed a separate negligence action in circuit court. This appeal pertains to the negligence action only.
A. Workers’ Compensation Case
¶ 3. On December 28, 2000, Roberson filed a pro se petition to controvert with the Commission, and a hearing was held on November 2, 2006. On February 28, 2007, the administrative law judge (ALJ) entered an order denying benefits. On April 2, 2007, Roberson appealed the ALJ’s order denying benefits to the full Commission. On April 5, 2007, the Commission dismissed her case as untimely because Roberson failed to file her appeal within twenty days of the ALJ’s order. The Commission’s order was affirmed by the Forrest County Circuit Court, and Roberson appealed to this Court. On September 16, 2008, this Court handed down an opinion disposing of Roberson’s first appeal, and we affirmed the decision of the circuit court, which found that the Commission properly dismissed Roberson’s workers’ compensation appeal as untimely. See Roberson v. LFI Fort Pierce, Inc., 3 So.3d 788, 790 (¶ 7) (Miss.Ct.App.2008). On March 5, 2009, the Mississippi Supreme Court denied Roberson’s petition for writ of certiorari.
*406 B. Negligence Action
¶ 4. On November 8, 2005, Roberson, proceeding pro se, filed a negligence action against Labor Finders and Labor Finders International in the circuit court, which was apparently intended to be filed against her employer, LFI. In response, LFI filed a motion for summary judgment, asserting a statute-of-limitations defense and the workers’ compensation exclusivity bar as a defense. On January 3, 2006, the circuit court entered an order regarding the motion for summary judgment, which stated:
[T]he cause of action which [Roberson] asserts is currently being heard by [an ALJ at] the Mississippi Workers’ Compensation Commission; ... [B]ecause of the workers’ compensation case pending with the Commission, there is a workers’ compensation exclusivity bar which applies to bar this suit; ... Nevertheless, noting that [Roberson] is pro se, this [c]ourt wishes to afford her the opportunity to challenge why this bar may not apply; ... This [c]ourt grants [Roberson] sixty (60) days from the date of the hearing on this ease, December 16, 2005, until February 14, 2006, for [Roberson] to have an attorney file a written application with this [c]ourt demonstrating good cause why this case should not be dismissed with prejudice because of the workers’ compensation exclusivity bar; ... If [Roberson] does not have such an application filed within sixty (60) days, this [c]ourt will dismiss this cause of action and grant summary judgment without the need for an additional written order. This [j Judgment will at that time be designated a[f]inal [j Judgment under Rule 58 of the Mississippi Rules of Civil Procedure.
(Emphasis added). No action was taken by Roberson within that sixty-day period. In fact, Roberson failed to take any further action until 2010.
¶ 5. On September 29, 2010, the circuit clerk filed a motion to dismiss for lack of prosecution of the negligence action. On October 26, 2010, Roberson filed a document contesting the dismissal, but she basically just reiterated that she was injured at work and wanted compensation.
¶ 6. On July 21, 2011, Roberson filed a motion requesting a jury trial to enforce medical-care coverage in the negligence action. On July 29, 2011, a hearing was held, and the circuit court entered a final judgment:
This document will grant a final judgment, as first, [Roberson] did not comply with this [c]ourt’s directions in its [o]rder of January 3, 2006[,] on the application of the workers’ compensation exclusivity bar, and further, because the workers’ compensation exclusivity bar applies to bar the recovery [Roberson] requests in this cause of action.... This [c]ourt directs the [c]ircuit [c]lerk to file this document as a final judgment in this cause of action.... Because of [Roberson’s] failure to comply with this [c]ourt’s [o]rder of January 3, 2006, coupled with the absolute inactivity in this case for four and one half years thereafter, and the application of the workers’ compensation exclusivity bar, this [c]ourt finds no good cause present to prevent the dismissal of this case for lack of prosecution. This finding serves as an additional reason why this case should be dismissed with a final judgment.
(Emphasis added).
¶ 7. On August 5, 2011, Roberson filed a motion for reconsideration. On August 24, 2011, Roberson filed a motion to join Deep South Trucking Co. and American Interstate Insurance Co. On August 26, 2011, a hearing was held, and the court entered an *407 order denying reconsideration and denying the motion to join. On September 9, 2011, Roberson appealed the circuit court’s dismissal of her negligence action for lack of prosecution and due to the Act’s exclusivity provision.
DISCUSSION
¶ 8. Our standard of review regarding a circuit court’s dismissal of an action for lack of prosecution is abuse of discretion. Hine v. Anchor Lake Prop. Owners Ass’n, 911 So.2d 1001, 1003 (¶8) (Miss.Ct.App.2005). A circuit court’s decision “will not be overturned unless there has been manifest error.” Id.
¶ 9. At the outset, we note that Roberson, who is proceeding pro se on this appeal, fails to provide a legal basis to support her contention that her negligence action should not have been dismissed. Therefore, under Mississippi Rule of Appellate Procedure 28(a)(6), her argument is procedurally barred. Notwithstanding this procedural bar, we will address the merits of her contention.
¶ 10. “It is well established that the Act is the exclusive remedy for an employee injured while acting in the scope and course of his employment.” Hurdle v. Holloway, 848 So.2d 183, 185 (¶ 5) (Miss.2003) (citing Miss.Code Ann. § 71-3-9 (Rev.2000)). Our workers’ compensation statute states:
The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action of law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.
Miss.Code Ann. § 71-3-9 (Rev.2011) (emphasis added).
¶ 11. “The exclusivity provision of the Act is not applicable to an employee’s claim if: (1) the injury is caused by the willful act of the employer or another employee acting in the course and scope of employment and in the furtherance of the employer’s business; and (2) the injury [is] one that is not compensable under the Act.” Hurdle, 848 So.2d at 185 (¶ 5) (citing Newell v. S. Jitney Jungle Co., 830 So.2d 621, 624 (¶ 13) (Miss.2002)). Further, “[i]f the injuries were caused by an intentional tort, the exclusivity provision would not apply.” Id. at n. 4.
¶ 12. In this case, while the Commission already determined that Roberson did not have a compensable injury under the Act, Roberson has not alleged or shown any evidence of an intentional or willful act of her employer or another employee. Thus, the exception to the exclusivity provision of the Act does not apply here. Because the Act is the exclusive route under which Roberson could possibly obtain recovery in her case, her negligence action was properly dismissed.
¶ 13. We also find that the circuit court properly dismissed Roberson’s negligence action for lack of prosecution. Mississippi Rule of Civil Procedure 41(b) *408 states: “For the failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against him.” Rule 41(d)(1) further provides:
In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following such mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice.
¶ 14. On January 3, 2006, the circuit court entered an order affording Roberson the opportunity to show why her action should not be dismissed under the exclusivity provision of the Act, with a deadline of February 14, 2006:
This [c]ourt grants [Roberson] sixty days ... to have an attorney file a written application with this [c]ourt demonstrating good cause why this case should not be dismissed with prejudice because of the ... exclusivity bar[.] ... If [Roberson] does not have such an application filed within sixty (60) days, this [c]ourt will dismiss this cause of action[.]
¶ 15. Roberson failed to take any action for four and a half years after the circuit court entered this order. Thus, on September 29, 2010, the circuit clerk filed a motion to dismiss for lack of prosecution of the negligence action. On October 26, 2010, Roberson filed a document contesting the dismissal, but she failed to show any good cause. As a result, the circuit court entered an order dismissing the case. We cannot say that the circuit court abused its discretion in dismissing the negligence action for failure to prosecute. Therefore, we affirm the circuit court’s judgment.
¶ 16. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.