# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-00320-SCT

*SCHAFFNER MANUFACTURING COMPANY, INC.*

*v.*

*DARIUS POWELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2020 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | DEREK PAYTON MARTIN |
| | C. MICHAEL ELLINGBURG, SR. |
| | CHRISTY VINSON MALATESTA |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, |
| | FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHRISTY VINSON MALATESTA |
| ATTORNEY FOR APPELLEE: | DEREK PAYTON MARTIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 01/06/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.    In this interlocutory appeal, Schaffner Manufacturing Company, Inc., argues that the circuit court erred by denying a portion of its motion to dismiss for failure to state a claim under Mississippi Rule of Civil Procedure 12(b)(6). Schaffner contends that Darius Powell's claims of negligence, negligent hiring, retention, and supervision all fall within the ambit of the Mississippi Workers' Compensation Act. We agree. Therefore, we find that Powell's exclusive remedies for those claims are set forth in the Mississippi Workers' Compensation

Act. Powell made a separate claim alleging vicarious liability based on claims of intentional torts by coworkers. The trial judge also dismissed Powell's claims against the coworkers with prejudice; however, Powell did not seek an interlocutory appeal of that decision. We reverse the judgment of the trial court and remand for entry of an order consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

¶2. On March 27, 2019, Darius Powell filed a complaint alleging five claims: (1) assault and battery by Rederick Kelly and O'Derrick Clark; (2) intentional infliction of emotional distress by Kelly and Clark; (3) negligent hiring, retention, and supervision by Schaffner; (4) negligence by Schaffner for failing to provide a safe work environment; and (5) vicarious liability by Schaffner for Kelly's and Clark's alleged assault, battery, and intentional infliction of emotional distress. Powell alleged that on December 11, 2017, Kelly and Clark severely injured him while in the course and scope of their employment.

¶3. On April 15, 2019, Schaffner, Kelly, and Clark filed answers denying Powell's claims. They also filed a joint motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Schaffner, Kelly, and Clark argued that the claims against Kelly and Clark were barred by a one-year statute of limitations that expired one year following December 11, 2017. They further urged that all claims against Schaffner fell within the scope of the Mississippi Workers' Compensation Act, and, therefore, proceedings under the Act were Powell's exclusive remedy for those claims.

¶4. The circuit court held a hearing on the joint motion to dismiss on August 15, 2019, and a second hearing on February 20, 2020. On March 20, 2020, the circuit court entered an order granting in part the defendants' joint motion to dismiss. The court ruled that the claims of assault, battery, and intentional infliction of emotional distress against Kelly and Clark were barred by the statute of limitations. However, the court found that Powell's claims of "Negligence, Negligent Hiring, Retention, and Supervision, and Vicarious Liability" against Schaffner did not fall within the scope of the Mississippi Workers' Compensation Act and denied the joint motion to dismiss those claims.

¶5. Schaffner petitioned for interlocutory appeal, disputing the circuit court's determination that the claims against it were not within the scope of the Mississippi Workers' Compensation Act. This Court granted the petition on May 20, 2020.

**ANALYSIS**

¶6. Orders on Rule 12(b)(6) motions are reviewed de novo. ***City of Meridian v. $104,960.00***, 231 So. 3d 972, 974 (Miss. 2017). When this Court reviews a motion to dismiss under our Rule 12(b)(6) "the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt on the face of the complaint that the plaintiff will be unable to prove any set of facts in support of his claim." ***Newell v. S. Jitney Jungle Co.***, 830 So. 2d 621, 623 (Miss. 2002) (citing ***Lang v. Bay St. Louis/Waveland Sch. Dist.***, 764 So. 2d 1234, 1236 (Miss. 1999)).

¶7. The Mississippi Workers' Compensation Act states that "[t]he liability of an employer

to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death . . . may elect to claim compensation under this chapter[.]" Miss. Code Ann. § 71-3-9 (Rev. 2011). Whether the exclusivity bar applies is ultimately a question of whether the injury alleged falls under the definition of injury in the Act. *Newell*, 830 So. 2d at 624–25.

¶8.    The Act defines "[i]njury," inter alia, as "accidental injury or accidental death arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner." Miss. Code Ann. § 71-3-3(b) (Rev. 2021). We have stated in determining if an injury is accidental "that 'if the facts alleged or proven point to negligence, gross negligence, or recklessness, despite an allegation of actual intent, th[e] Court will find that workers' compensation is the sole avenue for relief for the aggrieved party.'" *In re Est. of Gorman ex rel. Gorman v. State*, 307 So. 3d 421, 425–26 (Miss. 2020) (alteration in original) (quoting *Bowden v. Young*, 120 So. 3d 971, 977 (Miss. 2013)).

¶9.    Applying Mississippi law to the face of the complaint, Powell's claims of negligent hiring, retention, supervision, and general negligence for failing to provide a safe work environment are all claims of direct negligence against Schaffner. These claims properly fall within the scope of the Act. Therefore, the Act is Powell's exclusive remedy for those claims, and those claims should have been dismissed.

**CONCLUSION**

¶10.    For the above reasons, we find the circuit court erred by not dismissing the claims of negligence against Schaffner. We reverse that portion of the order and remand the case for entry of an order consistent with this opinion.

¶11.    **REVERSED AND REMANDED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN,  ISHEE AND GRIFFIS, JJ., CONCUR.**