**Tomaz MENDES REGATOS,
Plaintiff–Appellee,**

v.

**NORTH FORK BANK and New Commercial Bank of New York, Defendants–Appellants,**

**North Fork Bancorporation, Defendant.**

**No. 03–9024.**

United States Court of Appeals,
Second Circuit.

Argued: Nov. 4, 2004.

Decided: Dec. 6, 2005.

Eric J. Bressler, Wickham, Bressler, Gordon & Geasa, P.C., Melville, New York, for Defendants–Appellants.

Daniel Kobrinik, Lopez & Romero, P.C., New York, New York (Eduardo F. López, Luis Alfredo Romero, Vanessa M. Flores, on the brief), for Plaintiff–Appellee.

Before: WALKER, Chief Judge, FEINBERG and WESLEY, Circuit Judges.

WESLEY, Circuit Judge.

Familiarity with the facts of this case, as set forth in our prior opinion, *see Regatos v. North Fork Bank,* 396 F.3d 493 (2d Cir.2005), is assumed. The Commercial Bank of New York and its successor-in-interest, North Fork Bank (together, "CBNY"), appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, J.). The District Court denied CBNY's motion for summary judgment, holding that the one-year statute of repose created by UCC § 4A–505 cannot be varied by agreement of the parties and accordingly rejected CBNY's argument that Regatos failed to protest the bank account transfers at issue in a timely manner, as required by his account agreement. We found that the appeal raised important, unsettled questions of New York law and certified two questions to the New York Court of Appeals:

(1) Can the one-year statute of repose established by New York U.C.C. Article 4–A–505 be varied by agreement? If so, are there any minimum limits on the variation thereof (such as "reasonable time") that estop CBNY from denying Regatos recovery in this case?

(2) In the absence of agreement, does New York U.C.C. Article 4–A require actual notice, rather than merely constructive notice? If so, can this requirement be altered by agreement of the parties and was such achieved here?

*Id.* at 498, 499.

The New York Court of Appeals accepted certification and answered both questions. *See Regatos v. North Fork Bank,* 5 N.Y.3d 395, 804 N.Y.S.2d 713, 838 N.E.2d 629 (2005). The Court of Appeals answered the first part of the first question in the negative, thereby rendering the second part moot. Embracing to a large extent Judge Scheindlin's reasoning in the district court opinion, the Court of Appeals characterized the period of repose in § 4–A–505 as "essentially a jurisdictional attribute of the 'rights and obligations' contained in UCC 4–A–204(1)." *Id.* at 403, 804 N.Y.S.2d 713, 838 N.E.2d 629. As such, the court reasoned, any modification of the period of repose is prohibited by section 4–A–204(2). *Id.* at 403, 804 N.Y.S.2d 713, 838 N.E.2d 629. The Court of Appeals then answered the first part of the second question in the affirmative and the second part in the negative. It considered a constructive notice requirement in conflict with both reasonable business practices and with public policy and refused to find that the actual notice require-

ment can be varied by agreement. *Id.* at 403. 804 N.Y.S.2d 713, 838 N.E.2d 629.

The Court of Appeals's answers to the certified questions are dispositive of this appeal. Accordingly, the District Court's order of September 3, 2003, awarding plaintiff Regatos $731,005.48 in principal and prejudgment interest pursuant to a jury verdict is hereby AFFIRMED WITH COSTS.