*446
 
 BARNES, J.,
 

 for the Court.
 

 ¶ 1. This appeal concerns a transfer of funds governed by Article 4A of the Uniform Commercial Code (“UCC”). Justin Shelton filed a negligence action against National Bank of Commerce d/b/a NBC Capital Corporation (collectively “NBC”) as a result of electronic transfers of funds from Justin’s account at NBC to the account of W.J. “Sonny” Shelton at NBC.
 
 [1]
 
 Applying Mississippi Code Annotated section 75-4A-204 (Rev.2002), the circuit court granted Justin’s motion for summary judgment and awarded him $54,611.74 in damages, which included the amount of the transfers, ninety-days’ interest on $2,242.50 (the amount received in transfers ninety days prior to notification) and attorney’s fees. NBC appeals, arguing that the circuit judge: (1) applied the incorrect section of the UCC to the facts of this case; (2) failed to enforce the contractual obligations between Justin and NBC; and, alternatively, (3) failed to apply the statute of repose set forth in the UCC or the general three-year statute of limitations. Justin filed a cross-appeal claiming that the circuit judge erred by awarding Justin interest on the $2,242.50 for only ninety days rather than from the date he notified the bank of the erroneous transfers until the date of refund.
 

 ¶ 2. We affirm the trial court’s finding of liability on the part of NBC, albeit on different grounds;
 
 [2]
 
 however, we reverse and remand on the issue of the interest awarded to Justin and whether the liability of NBC must be reduced by application of the three-year statute of limitations or the UCC’s one-year statute of repose.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. On October 2, 1995, Justin opened a checking account with First Federal Bank of Savings — now NBC — in Columbus, Mississippi. In October 1999, Justin International, a company owned by Justin, issued two paychecks to Sonny. The bookkeeper for Justin International, Susan T. Noland, inadvertently deposited those checks into Justin’s account instead of Sonny’s account. Both accounts were held by NBC. When Noland realized the error, she contacted the bank and requested that the funds be transferred from Justin’s account to Sonny’s account. NBC completed the transfer as requested.
 

 ¶ 4. However, a computer error by the bank caused the transfer to recur each month. As a result, $747.50 was transferred from Justin’s account to Sonny’s account each month. Justin failed to notice the error until April 2005 — over five years later. Justin notified the bank, and the transfer for April 2005 was credited
 
 *447
 
 back to Justin’s account. The mistake resulted in a total transfer of $49,335 from Justin’s account to Sonny’s account.
 

 ¶ 5. Justin filed a complaint alleging negligence, gross negligence, and a breach of fiduciary duty on the part of NBC as a result of the transfers. Both NBC and Justin filed motions for summary judgment. Following a hearing, the circuit court denied NBC’s motion for summary judgment. NBC then filed a motion for reconsideration that was denied on August 21, 2007. NBC filed its first notice of appeal on September 19, 2007. On September 20, 2007, summary judgment was granted in favor of Justin. From that ruling, NBC filed its second notice of appeal on October 1, 2007, and Justin filed his cross-appeal. The appeal from the denial of NBC’s motion for summary judgment and the appeal from the granting of Justin’s motion for summary judgment were consolidated for review by this Court.
 

 STANDARD OF REVIEW
 

 ¶ 6. The standard of review of an order granting summary judgment is de novo.
 
 PPG Architectural Finishes, Inc. v. Lowery,
 
 909 So.2d 47, 49(¶ 8) (Miss.2005) (citing
 
 Hurdle v. Holloway,
 
 848 So.2d 183, 185(¶ 4) (Miss.2003)). It is well settled that “[a] summary judgment motion is only properly granted when no genuine issue of material fact exists. The moving party has the burden of demonstrating that no genuine issue of material fact exists within the ‘pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits.’ ”
 
 Id.
 
 (quoting M.R.C.P. 56(c)).
 

 I. Whether the trial court erred in applying section 75-4A-204.
 

 ¶ 7. This appeal considers Article 4A of the UCC regarding funds transfers, which is codified in Mississippi Code Annotated sections 75-4A-101 to -507 (Rev.2002).
 

 The circuit court found that the facts of this case required the application of Mississippi Code Annotated section 75-4A-204 (Rev.2002) concerning unauthorized payment orders. NBC argues that the circuit court erred because the facts of this case require the application of Mississippi Code Annotated section 75-4A-205 (Rev.2002) concerning erroneous payment orders. Justin responds that the matter is properly controlled by section 75-4A-204; thus, the circuit court did not err.
 

 ¶ 8. Section 75-4A-204(a-b) provides:
 

 (a) If a receiving bank
 
 accepts a payment order
 
 issued in the name of its customer as sender which is (i)
 
 not authorized
 
 and not effective as the order of the customer under Section 75-4A-202, or (ii) not enforceable, in whole or in part, against the customer under Section 75-4A-203,
 
 the bank shall refund any payment of the payment order received from the customer to the extent the bank is not entitled to enforce payment and shall pay interest on the refundable amount calculated from the date the bank received payment to the date of the refund.
 
 However, the customer is not entitled to interest from the bank on the amount to be refunded if the customer fads to exercise ordinary care to determine that the order was not authorized by the customer and to notify the bank of the relevant facts within a reasonable time not exceeding ninety (90) days after the date the customer received notification from the bank that the order was accepted or that the customer’s account was debited with respect to the order. The bank is not entitled to any recovery from the customer on account of a failure by the customer to give notification as stated in this section.
 

 (b) Reasonable time under subsection (a) may be fixed by agreement as stated in Section 75-1-204(1), but the obli
 
 *448
 
 gation of a receiving bank to refund payment as stated in subsection (a) may not otherwise be varied by agreement.
 

 (Emphasis added).
 

 ¶ 9. Section 75-4A-205(a-c) provides:
 

 (a)If an
 
 accepted payment order
 
 was transmitted pursuant to a security procedure for the detection of error and the payment order (i) erroneously instructed payment to a beneficiary not intended by the sender, (ii) erroneously instructed payment in an amount greater than the amount intended by the sender, or (iii)
 
 was an erroneously transmitted duplicate of a payment order previously sent by the sender,
 
 the following rules apply:
 

 (1) If the sender proves that the sender or a person acting on behalf of the sender pursuant to Section 75-4A-206 complied with the security procedure and that the error would have been detected if the receiving bank had also complied, the sender is not obliged to pay the order to the extent stated in paragraphs (2) and (8).
 

 (2) If the funds transfer is completed on the basis of an erroneous payment order described in clause (i) or (iii) of subsection (a), the sender is not obliged to pay the order and the receiving bank is entitled to recover from the beneficiary any amount paid to the beneficiary to the extent allowed by the law governing mistake and restitution.
 

 (3) If the funds transfer is completed on the basis of a payment order described in clause (ii) of subsection (a), the sender is not obliged to pay the order to the extent the amount received by the beneficiary is greater than the amount intended by the sender. In that case, the receiving bank is entitled to recover from the beneficiary the excess amount received to the extent allowed by the law governing mistake and restitution.
 

 (b) If (i) the sender of an erroneous payment order described in subsection (a) is not obliged to pay all or part of the order, and (ii) the sender receives notification from the receiving bank that the order was accepted by the bank or that the sender’s account was debited with respect to the order, the sender has a duty to exercise ordinary care, on the basis of information available to the sender, to discover the error with respect to the order and to advise the bank of the relevant facts within a reasonable time, not exceeding ninety (90) days, after the bank’s notification was received by the sender. If the bank proves that the sender failed to perform that duty, the sender is liable to the bank for the loss the bank proves it incurred as a result of the failure, but the liability of the sender may not exceed the amount of the sender’s order.
 

 (c) This section applies to amendments to payment orders to the same extent it applies to payment orders.
 

 (Emphasis added).
 

 ¶ 10. NBC argues that section 75-4A-204 does not apply as Justin was unable to prove that NBC accepted a payment order from him that was not authorized. We agree with NBC, as Justin did issue the one authorized payment order. However, we do not accept NBC’s claim that the subsequent monthly transfers were erroneously-transmitted duplicates under section 75-4A-205. While the official comments to the UCC were not adopted by our Legislature, “[s]till we look to official comments about uniform laws, when those laws have been adopted all but verbatim by the [Legislature, as the most informed source explaining provisions of the original enactment.”
 
 Holifield v. BancorpSouth, Inc.,
 
 891 So.2d 241, 248(¶ 28)
 
 *449
 
 (Miss.Ct.App.2004). Having found no variation between Mississippi’s version of Article 4A and the model version, we find the official comments of the UCC instructive. The official comments confirm that the error in this case is not the type of transmission error covered by section 75-4A-205:
 

 This section concerns error in the content or in the transmission of payment order. It deals with three kinds of error.
 
 Case 1.
 
 The order identifies a beneficiary not intended by the sender....
 
 Case 2.
 
 The error in the amount of the order....
 
 Case 3.
 
 A payment order is sent to the receiving bank, and then, by mistake, the same payment order is
 
 sent to the receiving bank again.
 
 In Case No. 8, the receiving bank may have no way of knowing whether the second order is a duplicate of the first or is another order.
 

 U.C.C. § 4A-205 emt. 1 (2002) (emphasis added). The transmission at issue in section 75-4A-205 is, thus, a duplicate transmission of a payment order from the sender
 
 to
 
 the receiving bank,
 
 not
 
 a duplication of that order
 
 by
 
 the receiving bank. Neither Justin, nor anyone acting on his behalf, ever “transmitted” a duplicate payment order to NBC so as to bring the case within the provisions of section 75-4A-205. Therefore, neither 75-4A-204, nor section 75-4A-205, are applicable to the facts in this case.
 

 ¶ 11. We find, upon our de novo review of the record and of Article 4A of the UCC, that the reason the facts of this case do not fit neatly within either of these sections is the transfers were, in fact, erroneously-executed payment orders, governed by Mississippi Code Annotated section 75-4A-303 (Rev.2002). That section provides in pertinent part:
 

 (a) A receiving bank that ... (ii) issues a payment order in execution of the sender’s order
 
 and then issues a duplicate order,
 
 is entitled to payment of the amount of
 
 the sender’s order
 
 under Section 75-4A-402(c) if that subsection is otherwise satisfied. The bank is entitled to recover from the beneficiary of the erroneous order the excess payment received to the extent allowed by the law governing mistake and restitution.
 

 (Emphasis added).
 

 ¶ 12. In this case, the receiving bank, NBC, executed the only payment order issued by Justin by transferring $747.50 from Justin’s account into Sonny’s account at the oral request of Justin’s agent, No-land. Thereafter, NBC’s computer system, due to “an entry error” improperly duplicated that payment every month for over five years. The requirements of Mississippi Code Annotated section 75-4A-402(c) (Rev.2002) were satisfied as the funds transfer was completed; therefore, under section 75-4A-303, NBC is entitled to recover from Justin, the sender, the amount of
 
 his
 
 order — that is, one payment of $747.50. The official comment to UCC section 4A-303 confirms that: “If erroneous execution causes the wrong amount to be paid the sender is not obliged to pay the receiving bank an amount in excess of the amount of the sender’s order.” U.C.C. § 4A-303(1) cmt. 1 (2002). By way of example, the comment continues:
 

 Subsection (a) also applies to duplicate payment orders. Assume Originator’s Bank properly executes Originator’s $1,000,000 payment order
 
 and then by mistake issues a second $1,000,000 payment order in execution of the Originator’s order.
 
 If Beneficiary’s Bank accepts both orders issued by the Originator’s Bank, Beneficiary’s Bank is entitled to receive $2,000,000 from Originator’s Bank but
 
 Originator’s Bank is entitled to receive only $1,000,000 from Originator.
 
 The remedy of Originator’s Bank is the same as that of a
 
 *450
 
 receiving bank that executes by issuing an order in an amount greater than the sender’s order. It may recover the overpayment from Beneficiary to the extent allowed by the law governing mistake and restitution and in a proper case as stated in Comment 2 may have subrogation rights if it is not entitled to recover from Beneficiary.
 

 Id.
 
 at cmt. 3 (emphasis added).
 
 [3]
 

 ¶ 13. Justin’s failure to discover NBC’s error prevents his recovering interest on the majority of the transfers; it does not make him hable to NBC for the bank’s duplicate payments to Sonny. Mississippi Code Annotated section 75-4A-304 (Rev.2002) provides:
 

 If the sender of a payment order that is erroneously executed as stated in Section 75-4A-303 receives notification from the receiving bank that the order was executed or that the sender’s account was debited with respect to the order, the sender has a duty to exercise ordinary care to determine, on the basis of information available to the sender, that the order was erroneously executed and to notify the bank of the relevant facts within a reasonable time not exceeding ninety (90) days after the notification from the bank was received by the sender.
 
 If the sender fails to perform that duty, the bank is not obliged to pay interest on any amount refundable to the sender under Section 75-4A-4.02(d) for the period before the bank learns of the execution error. The bank is not entitled to any recovery from the sender on account of a failure by the sender to perform the duty stated in this section.
 

 (Emphasis added).
 

 ¶ 14. This outcome makes sense when one recalls that it was NBC, not Justin, that erroneously duplicated the payment. The computer “entry error” occurred at NBC. In drafting Article 4A of the UCC, “a critical consideration was that the various parties to funds transfers need to be able to predict risk with certainly, to insure against risk, to adjust operational and security procedures, and to price funds transfer services appropriately.” U.C.C. § 4A-102 cmt. (2002). Competing interests of the banks that provide funds-transfer services, the commercial and financial organizations that use those services, and the public interest were thoroughly considered. “The rules that emerged represent a careful and delicate balancing of those interests and are intended to be the exclusive means of determining the rights, duties and liabilities of the affected parties in any situation covered by particular provisions of the Article.”
 
 Id.
 
 Therefore, we find that the facts of this case are covered by Mississippi Code Annotated sections 75-4A-303 and 75-4A-304. NBC erroneously executed Justin’s payment order and may recover from him only the amount of his order. Justin, having failed in his duty to exercise ordinary care to determine that the order was erroneously executed, is precluded from recovering most of the interest on his refund; he is not, however, liable to NBC for failing to detect the bank’s error.
 

 ¶ 15. The result of the judgment is the same as if Mississippi Code Annotated section 75-4A-204 had applied as found by the trial judge: Justin is entitled to a refund of the amount erroneously debited from his account; but he is granted interest only on funds transfers made within ninety days of his notifying NBC of its
 
 *451
 
 error. This Court, therefore, affirms the trial court’s finding of liability on the part of NBC, albeit on different grounds.
 

 ¶ 16. However, we must reverse and remand on the issue of computation of the interest by the trial judge. Justin, in his cross-appeal, asserts that he was entitled to interest on $2,242.50 of the $49,335 from the date of NBC’s receipt of his notification of the unauthorized transfers (January 2005)
 
 until the date of refund.
 
 We agree. Although the trial court correctly noted that interest could only be applied to the funds received ninety days from the notification of the error— $2,242.50, the trial judge incorrectly computed the interest to be $44.23, which is only ninety-days’ worth of interest on the $2,242.50. Section 75-4A-204 states that the bank “shall pay interest on the refundable amount calculated from the date the bank received payment to the
 
 date of the refund.”
 
 Miss.Code Ann. § 75-4A-204(a) (emphasis added). Although we find that section 75-4A-204 is not.applicable in this case, the computation of interest is the same for 75-4A-304. That section provides that the bank is not obligated to pay interest “on any amount refundable to the sender under Section 75-4A-402(d) for the period before the bank learns of the execution error.” Miss.Code Ann. § 75-4A-304. It does not state that only ninety-days’ interest is allowed. Rather, it is implicit that the interest will accrue until the date of refund. Therefore, we find Justin’s argument on cross-appeal meritorious and reverse and remand for computation of the interest by the trial court consistent with this opinion.
 

 II. Statute of Limitations and Statute of Repose.
 

 ¶ 17. NBC’s answer to Justin’s complaint asserted as an affirmative defense “that in addition to the provisions set forth in Title 75 of the Mississippi Uniform Commercial Code, the claim of Justin Shelton is further barred by the applicable three[-]year statute of limitations.” In response to Justin’s motion for summary judgment, NBC did not argue the statute of limitations but instead asserted that Justin’s recovery was limited, by Mississippi Code Annotated section 75-4A-205, to transfers made within ninety days of his notification to the bank of its error. In its motion to reconsider, however, NBC did assert, in conclusion, that: “Even if the court believes that Justin Shelton is entitled to recover for any transfer of funds[,] the recovery period must be limited by the applicable statute of limitations which in this case is three (3) years.” The trial court’s denial of the motion does not address NBC’s belated mention of the statute of limitations.
 

 ¶ 18. For the first time on appeal, NBC claims that Justin’s recovery is subject also to the one-year statute of repose contained in Mississippi Code Annotated section 75-4A-505 (Rev.2002).
 
 [4]
 
 NBC alleges the “jurisdictional attribute” of the statute
 
 *452
 
 of repose
 
 [5]
 
 and claims “plain error” on the part of the trial judge for failing to identify the statute when counsel for NBC had failed to do so. Justin claims “waiver” both to the statute of repose and the statute of limitations.
 

 ¶ 19. As we have no explanation from the trial judge as to his denial of reconsideration based on the statute of limitations, we reverse and remand this case to the trial court for consideration of the statute of limitations and the statute of repose, including all arguments as to waiver.
 

 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANTS/CROSS-APPELLEES AND ONE-HALF TO THE APPEL-LEE/CROSS-APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . Sonny has admitted his liability for any judgment awarded in favor of Justin. Consequently, a Rule 54(b) certification pursuant to the Mississippi Rules of Civil Procedure was entered on September 27, 2007, determining no just reason to delay the appeal in order to determine any amount owed by Sonny to NBC.
 

 [2]
 

 . "An appellate court may affirm a trial court if the correct result is reached, even if the trial court reached the result for the wrong reasons.”
 
 Methodist Hosp. of Hattiesburg, Inc.
 
 v.
 
 Richardson,
 
 909 So.2d 1066, 1070(¶ 7) (Miss.2005) (citing
 
 Puckett v. Stuckey,
 
 633 So.2d 978, 980 (Miss.1993)). Further, the supreme court has stated that:
 

 The appellate court does not have to affirm a decision on a Rule 56 motion for the same reasons that persuaded the court below to grant the motion. On the contrary, it can find another ground for concluding that the movant is entitled to judgment as a matter of law and ignore any erroneous basis that the district court may have employed.
 

 Brocato v. Miss. Publishers Corp.,
 
 503 So.2d 241, 244 (Miss.1987).
 

 [3]
 

 . As previously noted, the beneficiary of the funds transfers, Sonny, has admitted liability to NBC for the amount owed to Justin.
 

 [4]
 

 . Section 75-4A-505 of the Mississippi Code Annotated provides:
 

 If a receiving bank has received payment from its customer with respect to a payment order issued in the name of the customer as sender and accepted by the bank, and the customer received notification reasonably identifying the order, the customer is precluded from asserting that the bank is not entitled to retain the payment unless the customer notifies the bank of the customer's objection to the payment within one (1) year after the notification was received by the customer.
 

 The official comment to UCC section 4A-505 identifies this section as being "in the nature of a statute of repose for objecting to debits made to the customer’s account” and indicates that the section is applicable to refunds required by section 4A-303. U.C.C. § 4A-505 cmt. (2002).
 

 [5]
 

 . In support, NBC cites a decision of the New York Court of Appeals on a certified question from the United States Court of Appeals for the Second Circuit.
 
 See Mendes Regatos v. N. Fork Bank,
 
 431 F.3d 394 (2nd Cir.2005).