904 So.2d 1110 (2004)
Shawn Richard O'HARA, Appellant
v.
Andrea ROBINSON, Appellee.
No. 2003-CP-01578-COA.
Court of Appeals of Mississippi.
October 12, 2004.
Shawn Richard O'Hara, attorney for appellant, pro se.
Patrick H. Zachary, Hattiesburg, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. On May 23, 1994, Shawn O'Hara and Andrea Robinson were involved in a minor traffic accident. O'Hara, representing himself pro se, sued Robinson in the Circuit Court of Forrest County to recover for medical expenses, costs of litigation, damages to his automobile, and pain and suffering. On June 2, 2003, the matter went to trial, and the jury returned a verdict in favor of Robinson. Aggrieved from the jury's verdict, O'Hara raises the following issue on appeal:
I. WHETHER EVIDENCE WAS IMPROPERLY ADMITTED.
Finding no error, we affirm.

STATEMENT OF THE FACTS
¶ 2. At approximately 12:30 p.m. on May 23, 1994, O'Hara was involved in a three vehicle accident with Robinson and Sarah Heckathorn. The initial impact occurred between the front bumper of Robinson's vehicle and the back bumper of Heckathorn's vehicle. Heckathorn's front bumper then struck O'Hara's rear bumper.
¶ 3. O'Hara brought suit against Robinson to recover a sum of $200,000 as outlined below. O'Hara began treatment with *1111 his chiropractor on the date of the accident. This treatment continued until December 5, 1994, costing $4,684. O'Hara submitted an affidavit for lost wages in the amount of $9,900, a car repair estimate of $490.06, a bill for x-ray work in the amount of $313, and $450 in expert witness fees and $194,062.94 for pain and suffering. Though not limiting the jury to any amount of money, O'Hara asked for $20,000 at trial.
¶ 4. At trial, Robinson produced pictures of her vehicle and Heckathorn's vehicle after the collision, showing slight damage to Robinson's car and almost no damage to Heckathorn's. At issue in this appeal are two sections of The Clarion-Ledger newspaper which Robinson introduced for impeachment purposes. These newspaper articles contained interviews with O'Hara regarding his political activism and a discussion of other lawsuits which he had filed. When the case was submitted to the jury, a verdict was returned in favor of Robinson.

LEGAL ANALYSIS

I. WHETHER EVIDENCE WAS IMPROPERLY ADMITTED.
¶ 5. O'Hara contends that the introduction of The Clarion-Ledger newspapers was an improper form of impeachment. In the January 27, 1998 issue of The Clarion-Ledger, an article appeared which discussed O'Hara's candidacy for the United States House of Representatives, 5th Congressional District. In the article, O'Hara is quoted as stating, "I've won enough money through court cases that I don't have to go to work another day in my life" and that he is a "professional bum." In the May 24, 1999 article from The Clarion-Ledger O'Hara is once again featured, this time regarding his candidacy in the Mississippi governor's race. O'Hara was asked at trial, on the issue of his credibility, about the number of lawsuits he discusses having filed, as referenced in these articles.
¶ 6. The two articles were offered and received into evidence. O'Hara contends that the method of impeachment with the two articles was improper. O'Hara further contends that the May 24, 1999 article should not have been received into evidence, as it referenced his assistance in the defense of convicted Imperial Wizard of the Ku Klux Klan Sam Bowers, regarding a 1966 firebombing death. O'Hara argues that this article inflamed the passions of the jury.

STANDARD OF REVIEW
¶ 7. "The standard of review regarding admission of evidence is abuse of discretion. Where error involves the admission or exclusion of evidence, this Court will not reverse unless the error adversely affects a substantial right of a party." Floyd v. City of Crystal Springs, 749 So.2d 110, 113(¶ 12) (Miss.1999).

DISCUSSION
¶ 8. O'Hara maintains that he was improperly impeached and the passions of the jury were inflamed by the improper introduction of two articles from The Clarion-Ledger newspaper. This Court may not review either of these contentions for two reasons.
¶ 9. First, it is well established that this Court is not required to review any issues which are not properly supported by reasons and authority. Hoops v. State, 681 So.2d 521, 535 (Miss.1996) (citing Pate v. State, 419 So.2d 1324, 1325-26 (Miss.1982)). The requirements of the appellate brief are outlined in the Mississippi Rules of Appellate Procedure 28(a)(1)(6) which states: "The argument shall contain the contentions of appellant with respect to the issues presented, and *1112 the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." As O'Hara's brief fails to cite any authority or make any reference to the record which would support his position, we hold that this issue is procedurally barred.
¶ 10. Second, O'Hara failed to object at trial to the introduction of the newspaper articles into evidence. It is well settled law in Mississippi that failure to make a contemporaneous objection regarding the admission of evidence waives the argument for purposes of appeal. Gatlin v. State, 724 So.2d 359, 369(¶ 43) (Miss. 1998). O'Hara is procedurally barred from raising this issue on appeal. The failure to object to their introduction is fatal for purposes of preserving any error for appeal. Jones v. State, 856 So.2d 389, 392(¶ 4) (Miss.Ct.App.2003). Therefore, we find this issue to be without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. THE APPELLANT IS ASSESSED ALL COSTS OF THIS APPEAL.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.