GRIFFIS, P.J.,
for the Court:
¶ 1. Ferdinand McAfee appeals the summary judgment granted in favor of Dr. Rodrigo Galvez and Brentwood Behavioral Healthcare of Mississippi. The Rankin County Circuit Court found that McAfee had failed to present a genuine issue of material fact as to his claim of medical malpractice against Dr. Galvez and Brent-wood. We agree and affirm the judgment.
FACTS
¶ 2. McAfee presented to St. Dominic Hospital in Jackson, Mississippi, complaining that he was unable to sleep due to a Decadron shot he was given at an MEA Medical Clinic. He listed “mental illness” as his chief complaint on the intake form at St. Dominic. Because he refused to sign certain documents required for treatment, and apparently because he refused to leave the hospital’s waiting room, McAf-ee was removed from St. Dominic by an officer from the Jackson Police Department (“JPD”).
¶ 3. The following day, upon recommendation of another JPD officer, McAfee vol *124 untarily checked himself in to Brentwood for treatment. Dr. Galvez, McAfee’s treating psychiatrist at Brentwood, reported that McAfee was uncooperative. At first, McAfee refused to talk. Later, he began to talk continuously. He was placed on a legal hold at Brentwood for seventy-two hours. He was later discharged at his insistence and against medical advice.
¶ 4. McAfee filed suit against Brentwood and Dr. Galvez. McAfee alleged that: he was negligently diagnosed as a paranoid schizophrenic, and he was not properly cared for or treated by Dr. Galvez and Brentwood. However, the record contains McAfee’s own admission that he refused to remain at Brentwood in order to receive the proper treatment that was recommended. McAfee further claimed that he lost his job as a result of the diagnosis; however, the record contains a handwritten resignation from McAfee to his employer. There are also two affidavits from his employer stating that McAfee was not terminated due to mental illness.
¶ 5. Dr. Galvez and Brentwood each filed motions for summary judgment arguing that McAfee had failed to designate an expert witness to establish the elements of medical negligence by the deadline established in the agreed scheduling order. McAfee did not respond to the motions, and he failed to appear at the hearing held by the circuit court. The circuit court found that McAfee had failed to present a genuine issue of material fact, and summary judgment was granted in favor of Dr. Galvez and Brentwood.
STANDARD OF REVIEW
¶ 6. The standard of review of an order granting summary judgment is de novo. PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 49 (¶ 8) (Miss.2005) (citing Hurdle v. Holloway, 848 So.2d 183, 185 (¶ 4) (Miss.2003)). It is well settled that “[a] summary judgment motion is only properly granted when no genuine issue of material fact exists.... The moving party has the burden of demonstrating that no genuine issue of material fact exists within the ‘pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits.’ ” Id. (quoting M.R.C.P. 56(c)).
ANALYSIS
¶ 7. McAfee’s entire argument on appeal consists of the following paragraph:
Appellant asserts that the lower court erred in granting summary judgment in these premises. Appellant contends that he consulted with an expert, qualified to testify, in accordance with applicable rules that Defendants breached the required standard of care. There is no dispute that Appellant maintained a doctor-patient relationship with Appel-lees. There is no dispute that Appellees owed Appellant a duty to exercise the standard of care required under existing applicable law. Moreover, Appellant asserts that he disclosed the identity of such expert to Defendants as well as tendered in his response to Pleadings that such expert opined that Defendants breached the applicable standard of care.
¶ 8. McAfee’s argument contains no citations to the record or any supporting legal authority. Consequently, his argument is procedurally barred from our review. See O’Hara v. Robinson, 904 So.2d 1110, 1111—12 (¶ 9) (Miss.Ct.App.2004) (quoting Mississippi Rule of Appellate Procedure 28(a)(l)(6), which states: “The argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.”)
*125 ¶ 9. Despite this procedural bar, we find that his argument is also without merit. McAfee asserts that he consulted an expert who opined that Dr. Galvez and Brentwood had breached the standard of care. He further asserts that he disclosed the identity of the expert in his response to pleadings. However, these assertions are not supported by the record. The record contains only two pleadings filed by McAfee — his complaint and his notice of appeal. McAfee failed to respond to the motions for summary judgment. Even after the circuit judge continued the hearing and ordered McAfee to respond, McAfee failed to do so. We find no pleadings that disclosed McAfee’s expert witness.
¶ 10. Mississippi Rule of Civil Procedure 56(e) states that “an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.” Furthermore, the Mississippi Supreme Court has held that:
[I]n a summary judgment proceeding, the plaintiff must rebut the defendant’s claim (i.e., that no genuine issue of material fact exists) by producing supportive evidence of significant and probative value; this evidence must show that the defendant breached the established standard of care and that such breach was the proximate cause of her injury.
Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1355 (Miss.1990).
¶ 11. McAfee failed to rebut the motions for summary judgment with any evidence of the standard of care, a breach of that standard, or a resulting injury. Accordingly, the circuit judge properly granted summary judgment in favor of Dr. Galvez and Brentwood. This issue is pro-eedurally barred and without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., MYERS, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.